1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CHESTER JACKSON,                    No. 2:12-CV-1667-GEB-CMK-P

12              Plaintiff,

13        vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14   SHEFALI AWATANI, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26   This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Shefali Awatani, M.D.; M. Starr, associate warden; and S.M. Salinas, warden.  Plaintiff claims that he was not provided required pain medication.  Specifically, he states that he was examined by defendant Awatani upon his arrival at Deuel Vocational Institution in October 2011.  Plaintiff claims that, at the time of the examination, he asked the doctor for pain medications and that the doctor refused.  He adds that he wasn't given any pain medication for 32 days and was only provided pain medication after he filed an inmate grievance.  Plaintiff also complains that the doctor unprofessionally taunted plaintiff about his weight, calling him "very fat."

Documents attached to the complaint indicate that, while Dr. Awatani prescribed pain medication, it was plaintiff's belief that he required stronger pain medication.  It also appears that plaintiff demanded an MRI, which was denied based on the medical opinions of the examining doctors.  The director's level response to plaintiff's inmate grievance states: "It has been determined that Tylenol #3 two tablets three times a day (maximum dose) and Nortriptyline 50 mg one capsule each night is appropriate for your complaints of chronic pain and radiculopathy."  As to the MRI, the director's level decision states: "It was determined by both P. Mallory, FNP, and Dr. Awatani, your PCP, that an MRI is not clinically indicated at this time."

/ / /

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

1        The requirement of deliberate indifference is less stringent in medical needs cases

2 than in other Eighth Amendment contexts because the responsibility to provide inmates with

3 medical care does not generally conflict with competing penological concerns.  See McGuckin,

4 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

5 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

6 1989).  The complete denial of medical attention may constitute deliberate indifference.  See

7 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

8 treatment, or interference with medical treatment, may also constitute deliberate indifference.

9 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

10 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

11        Negligence in diagnosing or treating a medical condition does not, however, give

12 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

13 difference of opinion between the prisoner and medical providers concerning the appropriate

14 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

15 90 F.3d 330, 332 (9th Cir. 1996).

16        In this case, plaintiff's complaint amounts to a difference in medical opinion.  The

17 complaint indicates that plaintiff was examined and provided medication for his pain.  Plaintiff's

18 assertion that the medication was insufficient is not a cognizable § 1983 claim.  Similarly,

19 plaintiff's assertion that he should undergo an MRI is not cognizable because it is a difference in

20 medical opinion.  To the extent plaintiff alleges delay in being provided medication, plaintiff has

21 not alleged that such delay led to further injury.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:   January 24, 2013

                                           _____
                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE